UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

A P S,

           Plaintiff,

v.

Minnesota Department of Labor,
and Office of Administrative Hearings,

           Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-4495 ADM/RLE

_____

Adam P. Strege, *pro se*.

Sarah A. McGee, Esq., Assistant Minnesota Attorney, St. Paul, MN, argued on behalf of Defendants.

_____

## I. INTRODUCTION

    This matter is before the undersigned United States District Judge to consider Defendants Minnesota Department of Labor ("Department of Labor") and Office of Administrative Hearings' ("OAH") (collectively, "Defendants") Motion to Dismiss [Docket No. 23], and Plaintiff A P S's ("Plaintiff") Appeal [Docket No. 57] from Chief Magistrate Judge Raymond L. Erickson's June 18, 2007, Order [Docket No. 52] denying Plaintiff's "Motion to Amend Complaint to 15 pages plus 89 Pages Supporting Evidence" [Docket No. 50]. For the reasons set forth herein, Defendants' Motion is granted and Plaintiff's Appeal is denied.

## II. BACKGROUND

    Although it is not entirely clear from Plaintiff's Complaint, it appears that his claims arise from a workers' compensation proceeding. In support of their Motion to Dismiss, Defendants have attached the relevant order from those proceedings. See McGee Decl. [Docket No. 31] Ex. 2. This Court will consider the order to the extent it provides useful background

facts.

On March 18, 2004, Plaintiff was employed by Commercial Dry Wall, which had workers' compensation insurance with Federated Insurance Mutual Group ("Federated Insurance"). Id. at 2. On March 18, Plaintiff and a co-worker engaged in a physical altercation during which Plaintiff was pushed, fell backward, and hit his head and left shoulder on a wall. Id. at 4. Plaintiff filed a workers' compensation claim seeking benefits for a neck injury and an alleged brain injury that affected his emotions and behavior. Id. at 7.

Plaintiff's claim was heard on September 13, 2006, before the State of Minnesota OAH. Id. at 1. On October 20, 2006, an OAH Compensation Judge issued an order finding that Plaintiff had sufficiently proven that the March 18, 2004, altercation caused a neck injury. Id. at 6. Based on Plaintiff's neck injury, the Compensation Judge ordered Commercial Dry Wall and Federated Insurance to pay Plaintiff temporary total disability benefits for the period of March 25 through July 15, 2004. Id. at 7. However, the Compensation Judge found that Plaintiff did not provide sufficient medical evidence that the March 18 altercation caused a brain injury. Id. Therefore, Plaintiff was awarded no workers' compensation for the treatment of his alleged brain injury. Id. at 8. Plaintiff did not pursue an administrative appeal.[1] Instead, he filed the instant action on November 13, 2006. Complaint [Docket No. 1].

### III. DISCUSSION

A.  **Plaintiff's Appeal**

The history of Plaintiff's attempts to amend his pleading is thoroughly set forth in Chief

---

[1] Commercial Dry Wall and Federated Insurance filed an administrative appeal on November 6, 2006. McGee Decl. Ex. 3. However, they voluntarily dismissed the appeal in December 2006. Id.

Magistrate Judge Raymond L. Erickson's June 18, 2007, Order. That discussion is incorporated herein by reference. In short, on November 13, 2006, Plaintiff filed a two-page Complaint, alleging disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), (b)(5)(A), and the Rehabilitation Act, 29 U.S.C. §§ 701-796. Although difficult to discern, it appears that the crux of Plaintiff's ADA and Rehabilitation Act claims is that Defendants effectively excluded him from participating in the workers' compensation proceedings by failing to adequately accommodate his alleged mental disability. After Defendants moved to dismiss on April 30, 2007, Plaintiff filed his First Amended Complaint [Docket No. 37] on May 15, 2007. Subsequently, pursuant to leave granted by Judge Erickson, Plaintiff filed a Second Amended Complaint [Docket No. 44] on May 29, 2007. On June 11, 2007, Plaintiff filed his "Motion to Amend Complaint to 15 pages plus 89 Pages Supporting Evidence" ("Motion to Amend"). In his June 18, 2007, Order, Judge Erickson denied Plaintiff's Motion. On June 21, 2007, Plaintiff filed his Appeal.

Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), this Court agrees with Judge Erickson that Plaintiff's Motion should be denied. Plaintiff's supporting evidence, which consists of a scattershot collection of documents, is unnecessary and unhelpful at the pleading stage. Further, even if it were considered, Plaintiff's supporting evidence would not affect the adjudication of Defendants' Motion to Dismiss. Therefore, Plaintiff's Appeal is denied and the Court will determine whether Plaintiff's May 29, 2007, Second Amended Complaint survives Defendants' Motion to Dismiss.[2]

---

[2] Although Defendants moved to dismiss Plaintiff's initial Complaint, Defendants' counsel agreed at oral argument that Defendants' Motion and brief apply equally to Plaintiff's Second Amended Complaint.

**B.     Defendants' Motion to Dismiss**

    **1.     Pleading and Motion to Dismiss Standards**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings setting forth a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1056-57 (8th Cir. 2004) (citation omitted).

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

*Pro se* complaints are to be construed liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, a *pro se* complaint must still allege specific facts to support its conclusions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

**2.    The Second Amended Complaint**

Plaintiff's Second Amended Complaint is rambling, garbled, and difficult to decipher. Plaintiff conclusorily alleges that he was denied the right to hire a lawyer during the workers' compensation proceeding,[3] his mental disability was not adequately accommodated, certain tape recordings of his statements were altered by Federated Insurance, the Compensation Judge's findings were not supported by the evidence, the Department of Labor lacks adequate grievance procedures, and Plaintiff's private information was improperly disclosed. In addition to the aforementioned ADA and Rehabilitation Act claims, the Second Amended Complaint alleges violations of procedural and substantive due process under the Fourteenth Amendment, the right to petition the government for redress of grievances under the First Amendment, and the Equal Protection Clause.

Plaintiff's constitutional claims against the Minnesota Department of Labor and the Office of Administrative Hearings are barred by the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court interprets the Eleventh Amendment to prohibit suits in federal court against an unconsenting state or one of its agencies or departments. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984). A state may be sued in federal court only if it has consented or if

---

[3] Plaintiff's supporting evidence shows that Plaintiff initially retained counsel in the workers' compensation proceedings. However, his counsel withdrew on March 29, 2006, in part because of Plaintiff's persistence in filing complaints with various state agencies without consulting with his counsel. See Motion to Amend, Attach. at 83-86. Thereafter, Plaintiff proceeded *pro se*.

Congress has abrogated its immunity. Here, Plaintiff's only cognizable claim for damages against Defendants for violation of the federal constitution is an action under 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 does not abrogate the states' Eleventh Amendment immunity, Quern v. Jordan, 440 U.S. 332, 344 (1979), and the State of Minnesota has not consented to § 1983 suits in federal court. Therefore, Plaintiff's constitutional claims must be dismissed.

Plaintiff's ADA and Rehabilitation Act claims must also be dismissed because the Second Amended Complaint fails to make any "short and plain statement[s]" showing that Plaintiff is entitled to relief under those statutes. Even when liberally construed, the allegations in the Second Amended Complaint fail to give each Defendant notice of the grounds upon which Plaintiff's ADA and Rehabilitation Act claims rest. Plaintiff is obviously dissatisfied with the outcome of his workers' compensation hearing. However, the Second Amended Complaint's conclusory allegations fail to meet even the minimal pleading standards set forth in Federal Rule of Civil Procedure 8(a). Therefore, Defendants' Motion to Dismiss is granted.

Further, the Court finds that Plaintiff's Amended Complaint should be dismissed with prejudice. Plaintiff has submitted multiple amended complaints and none come close to meeting the "short and plain statement" requirement of Rule 8(a). There is no basis in any of Plaintiff's filings that would allow him to state a viable ADA or Rehabilitation Act claim. On these facts, further amendment would be futile. See Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999) (noting that "futility constitutes a valid reason for denial of a motion to amend").

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.	Plaintiff's Appeal [Docket No. 57] is **DENIED**; and

2.	Defendants Minnesota Department of Labor and Office of Administrative Hearings' Motion to Dismiss [Docket No. 23] is **GRANTED**; and

3.	Plaintiff's Second Amended Complaint [Docket No. 44] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 6, 2007